# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LATRECE L. LEWIS, JASON C.  )
WILLIAMS, as Power of Attorney for  )
MARCIE L. WILLIAMS,  )
   )
      Plaintiffs,  )     C.A. No.: K24C-08-031 NEP
   )
     v.  )
   )
CHURCHMAN VILLAGE OF  )
DELAWARE, INC., d/b/a CHURCHMAN  )
VILLAGE REHABILITATION &  )
NURSING CENTER, a Delaware  )
corporation, and BUENA VISTA  )
HEALTHCARE, LLC, a Delaware  )
Corporation,  )
   )
      Defendants.  )

Submitted: December 31, 2025
Decided: February 25, 2026

## ORDER[1]

### *Upon Review of the Affidavits of Merit*
### COMPLIANT

**1.** This matter involves a medical negligence suit filed by Latrece L. Lewis and Jason C. Williams ("Plaintiffs"), as attorneys-in-fact for the late Marcie L. Williams ("Decedent"), against Churchman Village of Delaware, Inc. and Buena Vista Healthcare, LLC ("Defendants").[2] By motion, Defendants have requested that

---

[1] Citations hereafter in the form of "(D.I. __)" refer to docket items.

[2] Pursuant to Superior Court Civil Rule 25(a), Plaintiffs have indicated that Decedent died during the pendency of this lawsuit. *See* Suggestion of Death (D.I. 14) (indicating, upon information and belief, that said death occurred on March 17, 2025).

this Court review the affidavits of merit submitted with Plaintiffs' Amended Complaint to ensure compliance with 18 *Del. C.* § 6853(a)(1) and (c).[3]

2. On August 30, 2024, Plaintiffs filed their original Complaint, sounding in medical negligence, together with two affidavits of merit pursuant to 18 *Del. C.* § 6853, one authored by a physician and one authored by a nurse.[4]

3. Upon Defendants' motion for *in camera* review, the Court issued an Order dated April 25, 2025, concluding that the physician's affidavit of merit satisfied the statutory requirements of 18 *Del. C.* § 6853 and, having found one compliant affidavit sufficient, declining to consider the nurse's affidavit for the reasons stated therein.[5]

4. Following Decedent's death, Plaintiffs filed an Amended Complaint asserting a survival action and adding a wrongful death claim.[6] Plaintiffs filed two affidavits of merit with the Amended Complaint, again authored by a physician (the "Physician Affidavit") and a nurse, which are substantively the same as those previously reviewed by the court.[7] On December 18, 2025, Defendants filed its motion for *in camera* review of the affidavits.[8]

5. In Delaware, each medical negligence complaint must be accompanied by an affidavit of merit opining as to the negligence of each defendant, signed by an expert, and attaching the expert's current *curriculum vitae*.[9] The expert must be

---

[3] Defendants Churchman Village of Delaware, Inc., d/b/a Churchman Village Rehab. & Nursing Ctr. and Buena Vista Healthcare, LLC's Mot. for *In Camera* Review of the Aff. of Merit Filed with the Amended Complaint (D.I. 22).

[4] Compl. (D.I. 1).

[5] D.I. 15. In its April 25, 2025 Order, the Court declined to consider the nurse's affidavit because 18 *Del. C.* § 6853(a)(1) requires only a single affidavit of merit as to each defendant, and the physician's affidavit satisfied all statutory requirements. *Id.*

[6] Am. Compl. at ¶¶ 29–39. (D.I. 19).

[7] D.I. 19. The affidavits of merit filed with the Amended Complaint were efiled on October 14, 2025, and received in paper form on December 31, 2025. D.I. 19, 26.

[8] D.I. 22.

[9] 18 *Del. C.* § 6853(a)(1).

2

licensed to practice medicine as of the affidavit's date.[10] He or she must also have been "engaged in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine as the defendant" in the 3 years immediately preceding the alleged negligent act, and must be Board certified in the same or similar field of medicine if the defendant is Board certified.[11]

6. The affidavit must indicate that reasonable grounds exist to believe that the applicable standard of care was breached by each defendant and that the breach was a proximate cause of the injuries alleged in the complaint.[12] Additionally, the affidavit must be filed under seal; upon request, it may be reviewed *in camera* to ensure compliance with statutory requirements.[13] The requirements for affidavits are "purposefully minimal" in that the General Assembly "did not intend a minitrial at this stage of the litigation."[14] An affidavit need not repeat verbatim the statutory language; rather, its statements need only represent the functional equivalent of the statutory language to be judicially acceptable.[15] As the filing of an affidavit of merit is a duty in derogation of the common law, the Court must narrowly construe the requirements for such an affidavit.[16]

---

[10] *Id.* § 6853(c).

[11] *Id.* The requirements regarding Board certification apply only if the defendant is a physician. *Zappaterrini v. St. Francis Hosp., Inc.*, 2009 WL 1101618, at *1 (Del. Super. Apr. 22, 2009) ("[B]ecause the defendant is not a physician, the statutory requirement of similar Board certification is not applicable."); *McNulty v. Correct Care Sols., LLC*, 2017 WL 1323711, at *2 (Del. Super. Apr. 7, 2017) (noting that "same or similar" Board certification does not apply where defendant is not a physician).

[12] 18 *Del. C.* § 6853(c).

[13] *Id.* § 6853(a)(1), (d).

[14] *Dishmon v. Fucci*, 32 A.3d 338, 342–43 (Del. 2011).

[15] *Id.*; *see also id.* at 344 ("Medical experts need not couch their opinions in legal terms, state the facts that underly [sic] their determination, or to [sic] articulate the standard of care with a high degree of legal precision or 'magic words.'" (citation omitted)).

[16] *Hodge v. Bayhealth Med. Ctr., Inc.*, 2025 WL 1068228, at *3 (Del. Super. Apr. 9, 2025) (citations omitted); *accord Gibson v. Keith*, 492 A.2d 241, 247 (Del. 1985) ("[S]trict, rather than liberal, construction of legislation in derogation of the common law is the rule." (citing *Carper v. Bd. of Educ.*, 432 A.2d 1202 (Del. 1981); *State v. Brown*, 195 A.2d 379 (Del. 1963))).

**7.** As the Court previously held in its April 25, 2025 Order, 18 *Del. C.* § 6853(a)(1) requires only a single compliant affidavit of merit as to each defendant.[17] Provided that the Physician Affidavit addresses the alleged negligence of Defendants and satisfies the statutory requirements, the Court need not consider the nurse's affidavit of merit for the reasons explained in the Court's prior Order.[18]

**8.** The Court has performed an *in camera* review of the Physician Affidavit filed with the Amended Complaint. As to the affidavit in question, the Court finds as follows:

    **a.** The affidavit is signed by its author.

    **b.** The current *curriculum vitae* is not attached.

    **c.** In the affidavit, the affiant concludes that there are reasonable grounds to believe that Defendants violated the applicable standard of care and that this breach was a proximate cause of the injuries to Decedent alleged in the Complaint.

    **d.** While the affidavit does not identify the specific date of the allegedly negligent act or omission giving rise to this suit, the Court has previously determined that this is not a requirement for a compliant affidavit of merit.[19]

    **e.** As of the date he signed it, the author of the Physician Affidavit was licensed to practice medicine in two states. He was also board certified in Internal Medicine. Since 1995, he has been involved in the "teaching/academic side of medicine in the same or similar field of medicine as the . . . defendants," as required by the statute.[20]

---

[17] *Lewis v. Churchman Village of Delaware*, 2025 WL 1203101, at *3 (Del. Super. Apr. 25, 2025) (D.I. 15).
[18] *Id.*
[19] *Id.*
[20] *See* 18 *Del. C.* § 6853(c).

4

**9.** Although the current *curriculum vitae* is not attached to the Physician Affidavit, the Court does not find that this omission renders the affidavit defective. This Court has discretion in choosing an appropriate sanction for noncompliance with Section 6853 and must balance dismissal with the Court's strong policy favoring deciding cases on their merits. The Delaware Supreme Court in *Dishmon*, *supra*, held that "a failure to enclose the *curriculum vitae* does not, by itself, justify dismissal."[21] Moreover, as in *Dishmon*, there are no facts here to suggest that Plaintiffs were personally responsible for their attorney's failure to include the *curriculum vitae* with the Physician Affidavit or that Plaintiffs' attorney acted in bad faith.[22] This Court previously received the physician's *curriculum vitae* in connection with the original Complaint in late 2024,[23] and nothing in the present record suggests that the expert's qualifications have materially changed since that time. Under these circumstances, the absence of the *curriculum vitae* from the Amended Complaint does not undermine the sufficiency of the affidavit. Nevertheless, to ensure the record remains accurate and complete, the Court will require Plaintiff's counsel either to file an updated *curriculum vitae* or to file a written representation affirming that no substantial changes occurred in the physician's *curriculum vitae* between the filing of the original affidavit and the filing of the second affidavit.

**WHEREFORE**, in consideration of the foregoing, the Court finds that the Physician Affidavit submitted by Plaintiffs satisfies the statutory requirements of 18 *Del. C.* § 6853(a) and (c). The Court therefore finds that affidavit of merit, and by extension Plaintiffs' Amended Complaint, to be **COMPLIANT**, subject to the following condition: **Plaintiffs' counsel shall, within twenty (20) days of the date**

---

[21] 32 A.3d at 345.
[22] *See id*.
[23] *See* D.I. 1.

**of this Order, either file an updated curriculum vitae or file a written representation on the record affirming that no substantial changes have occurred in the physician-expert's *curriculum vitae* between the filing of the original affidavit of merit and the filing of the second affidavit.**

**IT IS SO ORDERED.**

_____

Noel Eason Primos, Judge

NEP:tls
*Via File & ServeXpress*
oc:     Prothonotary
cc:     Counsel of Record

6